EXHIBIT "B"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ADRIAN THOMAS,

Plaintiff,

-against-

CITY OF TROY, ADAM R. MASON, RONALD FOUNTAIN,
TIM COLANERI, RENSSELAER COUNTY and
MICHAEL SIKIRICA,

Defendants.

**ANSWER ON BEHALF
OF THE CITY OF TROY**
Civil Action No.: 1:17-cv-626
(GTS/DJS)

---

The defendant, City of Troy (hereinafter "City") for its Answer to the Complaint of the plaintiff states as follows:

## PRELIMINARY STATEMENT

1.      Denies each and every allegation contained in paragraphs of the Complaint herein marked and numbered"1".

## JURISDICTION

2.      Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations set forth in paragraphs of the Complaint marked and numbered "2" and "3".

## VENUE

3.      Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraph of the Complaint marked and numbered "4".

1

## JURY DEMAND

4. Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegation contained in paragraph of the Complaint marked and numbered "5".

## PARTIES

5. Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraph of the Complaint marked and numbered "6".

6. Admits the allegations contained in paragraph of the Complaint marked and numbered "7".

7. Denies that it has any knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph of the Complaint marked and numbered "8" except admits that it is a New York Municipal Corporation and maintains a Police Department ("TPD").

8. Denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraphs of the Complaint marked and numbered "9", "10", and "11" except admits that the individual defendants named therein were at all times relevant were duly sworn police officers/detectives.

9. Denies that is has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraphs of the Complaint marked and numbered "12", "13" and "14".

2

## FACTS

10.     Denies each and every allegation contained in paragraphs of the Complaint marked and numbered "15" through "23", inclusive, except denies that he has any knowledge or information sufficient to form a belief as to the truth thereof of the allegation contained in paragraph of the Complaint marked and numbered "19".

## FACTS

### Background

11.     Denies that it has knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraphs of the Complaint marked and numbered "24" through "28", inclusive.

### Matthew's Illness

12.     Denies each and every allegation contained in paragraphs of the Complaint marked and numbered "29" through "35", inclusive, except admits that the child Matthew was treated at the Samaritan Hospital in Troy, New York and at the Albany Medical Center Hospital in Albany, New York.

### The Interrogation and Confession

13.     Denies each and every allegation contained in paragraphs of the Complaint marked and numbered "36" through "50", inclusive, excepts admits that the plaintiff was interrogated about the death of the child Matthew.

### The First Trial, the Appeal and the Second Trial

14.     Denies each and every allegation contained in paragraphs of the Complaint marked and numbered "51" through "72", inclusive; insofar as said allegations pertain to this

3

defendant, except denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraphs of the Complaint marked and numbered "67".

## AS TO THE FIRST CAUSE OF ACTION

15.    This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "14", inclusive with the same force and effect as if again set forth at length here.

16.    This defendant denies each and every allegation contained in paragraphs of the Complaint marked and numbered "73" through "83".

## AS TO THE SECOND CAUSE OF ACTION

17.    This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "16", inclusive, with the same force and effect as if again set forth at length here.

18.    Denies each and every allegation contained in paragraphs of the Complaint marked and numbered "83" through "87", inclusive.

## AS TO THE THIRD CAUSE OF ACTION

19.    This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "18", inclusive, with the same force and effect as if again set forth at length here.

20.    Denies each and every allegation contained in paragraphs of the Complaint marked and numbered "88" through "92", inclusive.

## AS TO THE FOURTH CAUSE OF ACTION

21.    This defendant repeats and reallages each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "20", inclusive, with the same force and effect as if again set forth at length here.

22.    This defendant denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of the allegations set forth in paragraphs of the Complaint marked and numbered "93" through "96", inclusive.

## AS TO THE FIFTH CAUSE OF ACTION

23.    This defendant repeats and realleges each and every allegation contained in paragraphs "1" through "22", inclusive, of this Answer with the same force and effect as if again set forth at length here.

24.    Denies each and every allegation contained in paragraphs of the Complaint marked and numbered "97" through "109", inclusive.

## AS TO THE SIXTH CAUSE OF ACTION

25.    This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "22", inclusive, with the same force and effect as if again set forth at length here.

26.    Denies that it has any knowledge or information to form a belief as to the truth thereof of any of the allegations contained in paragraphs of the Complaint marked and numbered "110" through "119", inclusive.

5

## GENERAL DENIAL

27.    This defendant denies any of the allegations of the Complaint not specifically admitted, denied or controverted herein and denies that the plaintiff is entitled to any of the relief requested in the Wherefore clause of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

28.    That probable cause existed for the interrogation, arrest, prosecution, trial, imprisonment and retrial of the plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

29.    That as a matter of law this defendant is not legally responsible for any tortious conduct on the part of its employees.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

30.    That none of the constitutional deprivations described and alleges in the Complaint herein arose or were caused by an official governmental policy or custom of the City of Troy within the meaning of and as required by the case of Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

31.    Upon information and belief that this action and all claims set forth in the Complaint are barred by the applicable statutes of limitation.

6

**AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:**

32.    That as a matter of law punitive damages may not be recovered against this municipal defendant.

**AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:**

33.    Upon information and belief, that all of the damages, if any, sustained by the plaintiff as alleged and described in the Complaint herein were caused solely and wholly by reason of the tortious and/or negligent conduct of others over whom this defendant had no control and for which this defendant is not legally liable.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:**

34.    Upon information and belief, that the Complaint does not allege facts sufficient to state a valid claim against this defendant.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:**

35.    That the plaintiff was indicted on the charges for which he was arrested and detained and was thereafter convicted on such charges in the Rensselaer County Court, which said conviction was affirmed on Appeal by the Appellate Division of the Supreme Court and this established as a matter of law that there was probable cause to arrest, detain, prosecute and imprison him.

**FOR A CROSS CLAIM AGAINST THE CO-DEFENDANTS,
COUNTY OF RENSSELAER AND MICHAEL SIKIRICA,
THIS DEFENDANT ALLEGES:**

36.    Upon information and belief, that the damages, if any, sustained by the plaintiff as

7

alleged and described in the Complaint herein were caused wholly, or in part, by the negligent and/or tortious conduct of the said co-defendants and by reason thereof this defendant is entitled to indemnification/contribution from said co-defendants as to any damages recovered herein by the plaintiff against this defendant.

### AS AND FOR A COUNTERCLAIM AGAINST THE PLAINTIFF, THIS DEFENDANT ALLEGES:

37.     Upon information and belief, that this defendant is entitled to recover of the plaintiff its attorneys' fees and expenses incurred in the defense of this action in the event that said defendant is successful in the outcome of the claims brought against it by the plaintiff herein.

**WHEREFORE**, this answering defendant demands judgment dismissing the Complaint of the plaintiff herein or, in the alternative, plaintiff demands judgment for indemnification/contribution over and against the co-defendants Rensselaer County and Michael Sikirica as to any damages recovered herein by the plaintiff against this defendant.

Dated: August 18, 2017.

Donald J. Shanley, Esq.
**Pattison, Sampson, Ginsberg & Griffin, P.C.**
Bar Roll No. 102582
*Attorneys for Defendants,*
*City of Troy, Adam R. Mason and Tim Colaneri*
22 First Street - P. O. Box 208
Troy, New York 12181-0208
(518) 266-1029

TO:    Brett H. Klein, Esq.
       *Attorneys for Plaintiff*
       305 Broadway, Suite 600
       New York, New York 10007

8

## CERTIFICATE OF SERVICE

I, Donald J. Shanley, Esq. as attorney for Defendants, City of Troy, Adam R. Mason and Tim Colaneri hereby certifies that on this the 21st day of August, 2017, caused the answering defendant's Answer on Behalf of the City of Troy to be electronically filed with the Clerk of the United States District Court for the Northern District of New York using the CM/ECF system, which sent notification of such filing to the following:

Donald J. Shanley, Esq.
Bar Roll No. 102582
*Attorneys for Defendants,*
*City of Troy, Adam R. Mason and Tim Colaneri*
22 First Street, P.O. Box 208
Troy, New York 12180
Telephone No. (518) 266-1029
Fax: (518) 274-6034
E-mail: yantz@psgglaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ADRIAN THOMAS,

|  |  |  |
|---|---|---|
|  | Plaintiff, | **ANSWER ON BEHALF** |
| -against- |  | **OF DEFENDANT** |
|  |  | **TIM COLANERI** |
| CITY OF TROY, ADAM R. MASON, RONALD FOUNTAIN, | | Civil Action No.: 1:17-cv-626 |
| TIM COLANERI, RENSSELAER COUNTY and | | (GTS/DJS) |
| MICHAEL SIKIRICA, | | |

Defendants.

The defendant, Tim Colaneri for his Answer to the Complaint of the plaintiff states as follows:

## INTRODUCTION

1. Denies each and every allegation contained in paragraph of the Complaint marked and numbered "1".

## JURISDICTION

2. Denies that he has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraphs of the Complaint herein marked and numbered "2" and "3".

## VENUE

3. Denies that he has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraph of the Complaint marked and numbered "4".

## JURY DEMAND

4. Denies that he has any knowledge or information sufficient to form a belief as to

1

the truth thereof of any of the allegation contained in paragraph of the Complaint marked and numbered "5".

## PARTIES

5.    Denies that he has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations of the Complaint marked and numbered "6", "7", "8", "9", "10", "11", "12", "13" and "14" except admits that he was a duly sworn police officer/detective of the Troy Police Department.

## FACTS

### Background

6.    Denies that he has knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraphs of the Complaint marked and numbered "24" through "28", inclusive.

### Matthew's Illness

7.    Denies that he has any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Complaint marked and numbered "12".

### The Interrogation and Confession

8.    Denies each and every allegation contained in paragraphs of the Complaint marked and numbered "36" through "50", inclusive, excepts admits that the plaintiff was interrogated about the death of the child Matthew.

### The First Trial, the Appeal and the Second Trial

9.    Denies each and every allegation contained in paragraphs of the Complaint marked and numbered "51" through "72", inclusive, insofar as said allegations pertain to this

defendant, except denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraphs of the Complaint marked and numbered "67".

**AS TO THE FIRST CAUSE OF ACTION**

10.    This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "9", inclusive with the same force and effect as if again set forth at length here.

11.    This defendant denies each and every allegation contained in paragraphs of the Complaint marked and numbered "73" through "82", inclusive, insofar as said allegations pertain to this defendant.

**AS TO THE SECOND CAUSE OF ACTION**

12.    This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "11", inclusive, with the same force and effect as if again set forth at length here.

13.    This defendant denies each and every allegation contained in paragraphs of the Complaint marked and numbered "83" through "87", inclusive, insofar as said allegations pertain to this defendant.

**AS TO THE THIRD CAUSE OF ACTION**

14.    This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "13", inclusive, with the same force and effect as if again set forth at length here.

15.    Denies each and every allegation contained in paragraphs of the Complaint

3

marked and numbered "88" through "92", inclusive, insofar as said allegations pertain to this defendant.

## AS TO THE FOURTH CAUSE OF ACTION

16.    This defendant repeats and reallages each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "15", inclusive, with the same force and effect as if again set forth at length here.

17.    This defendant denies that he has any knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraphs of the Complaint marked and numbered "93" through "96", inclusive, insofar as said allegations pertain to this defendant.

## AS TO THE FIFTH CAUSE OF ACTION

18.    This defendant repeats and realleges each and every allegation contained in paragraphs "1" through "17", inclusive, of this Answer with the same force and effect as if again set forth at length here.

19.    Denies that he has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraphs of the Complaint marked and numbered "97" through "109", inclusive, insofar as said allegations pertain to this defendant.

## AS TO THE SIXTH CAUSE OF ACTION

20.    This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "19", inclusive, with the same force and effect as if again set forth at length here.

4

21. Denies that he has any knowledge or information to form a belief as to the truth thereof of any of the allegations contained in paragraphs of the Complaint marked and numbered "110" through "119", inclusive, , insofar as said allegations pertain to this defendant.

## GENERAL DENIAL

22. This defendant denies any of the allegations of the Complaint not specifically admitted, denied or controverted herein and denies that the plaintiff is entitled to any of the relief set forth in the Wherefore clause of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

23. That probable cause existed for the interrogation, arrest, prosecution, trial, imprisonment and retrial of the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

24. That this defendant is not legally responsible for any tortious or negligent conduct, if any, on the part of the co-defendants herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

25. Upon information and belief that this action and all claims set forth in the Complaint are barred by the applicable statutes of limitation.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

26. That the Complaint does not allege facts sufficient to state a valid claim against this defendant.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE,
### THIS DEFENDANT ALLEGES:

27.    Upon information and belief, that all of the damages, if any, sustained by the plaintiff as alleged and described in the Complaint herein were caused solely and wholly by reason of the tortious and/or negligent conduct of others over whom this defendant had no control and for which this defendant is not legally liable.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE,
### THIS DEFENDANT ALLEGES:

28.    That the plaintiff was indicted on the charges for which he was arrested and detained and was thereafter convicted on such charges in the Rensselaer County Court, which said conviction was affirmed on Appeal by the Appellate Division of the Supreme Court and this established as a matter of law that there was probable cause to arrest, detain, prosecute and imprison him.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
### THIS DEFENDANT ALLEGES:

29.    That he is entitled to qualified immunity as to each and every claim of the plaintiff brought pursuant to the provisions of Title 42 U.S.C. Section 1983.

### FOR A CROSS CLAIM AGAINST THE CO-DEFENDANTS,
### COUNTY OF RENSSELAER AND MICHAEL SIKIRICA,
### THIS DEFENDANT ALLEGES:

30.    Upon information and belief, that the damages, if any, sustained by the plaintiff as alleged and described in the Complaint herein were caused wholly, or in part, by the negligent and/or tortious conduct of the said co-defendants and by reason thereof this defendant is entitled to indemnification/contribution from said co-defendants as to any damages recovered herein by the plaintiff against this defendant.

6

## AS AND FOR A COUNTERCLAIM AGAINST THE PLAINTIFF, THIS DEFENDANT ALLEGES:

31.    Upon information and belief, that this defendant is entitled to recover of the plaintiff his attorneys' fees and expenses incurred in the defense of this action in the event that said defendant is successful in the outcome of the claims brought against him by the plaintiff herein.

**WHEREFORE**, this answering defendant demands judgment dismissing the Complaint of the plaintiff herein or, in the alternative, plaintiff demands judgment for indemnification/contribution over and against the co-defendants Rensselaer County and Michael Sikirica as to any damages recovered herein by the plaintiff against this defendant.

Dated: August 18, 2017.

Donald J. Shanley, Esq.
**Pattison, Sampson, Ginsberg & Griffin, P.C.**
Bar Roll No. 102582
*Attorneys for Defendants,*
*City of Troy, Adam R. Mason and Tim Colaneri*
22 First Street - P. O. Box 208
Troy, New York 12181-0208
(518) 266-1029

TO:    Brett H. Klein, Esq.
       *Attorneys for Plaintiff*
       305 Broadway, Suite 600
       New York, New York 10007

7

## CERTIFICATE OF SERVICE

I, Donald J. Shanley, Esq. as attorney for Defendants, City of Troy, Adam R. Mason and Tim Colaneri hereby certifies that on this the 21st day of August, 2017, caused the answering defendant's Answer on Behalf of Tim Colaneri to be electronically filed with the Clerk of the United States District Court for the Northern District of New York using the CM/ECF system, which sent notification of such filing to the following:

Donald J. Shanley, Esq.
Bar Roll No. 102582
*Attorneys for Defendants,*
*City of Troy, Adam R. Mason and Tim Colaneri*
22 First Street, P.O. Box 208
Troy, New York 12180
Telephone No. (518) 266-1029
Fax:  (518) 274-6034
E-mail:  yantz@psgglaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ADRIAN THOMAS,

                                    Plaintiff,        **ANSWER ON BEHALF**
                                                      **OF DEFENDANT**
          -against-                                   **ADAM R. MASON**

CITY OF TROY, ADAM R. MASON, RONALD FOUNTAIN,    Civil Action No.: 1:17-cv-626
TIM COLANERI, RENSSELAER COUNTY and              (GTS/DJS)
MICHAEL SIKIRICA,

                                    Defendants.

The defendant, Adam R. Mason for his Answer to the Complaint of the plaintiff states as follows:

## INTRODUCTION

1.    Denies each and every allegation contained in paragraph of the Complaint marked and numbered "1".

## JURISDICTION

2.    Denies that he has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraphs of the Complaint herein marked and numbered "2" and "3".

## VENUE

3.    Denies that he has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraph of the Complaint marked and numbered "4".

## JURY DEMAND

4.    Denies that he has any knowledge or information sufficient to form a belief as to

1

the truth thereof of any of the allegation contained in paragraph of the Complaint marked and numbered "5".

## PARTIES

5.    Denies that he has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations of the Complaint marked and numbered "6", "7", "8", "9", "10", "11", "12", "13" and "14" except admits that he was a duly sworn police officer/detective of the Troy Police Department.

## FACTS

### Background

6.    Denies that he has knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraphs of the Complaint marked and numbered "24" through "28", inclusive.

### Matthew's Illness

7.    Denies that he has any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Complaint marked and numbered "12".

### The Interrogation and Confession

8.    Denies each and every allegation contained in paragraphs of the Complaint marked and numbered "36" through "50", inclusive, excepts admits that the plaintiff was interrogated about the death of the child Matthew.

### The First Trial, the Appeal and the Second Trial

9.    Denies each and every allegation contained in paragraphs of the Complaint marked and numbered "51" through "72", inclusive, insofar as said allegations pertain to this

2

defendant, except denies that it has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraphs of the Complaint marked and numbered "67".

**AS TO THE FIRST CAUSE OF ACTION**

10. This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "9", inclusive with the same force and effect as if again set forth at length here.

11. This defendant denies each and every allegation contained in paragraphs of the Complaint marked and numbered "73" through "82", inclusive, insofar as said allegations pertain to this defendant.

**AS TO THE SECOND CAUSE OF ACTION**

12. This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "11", inclusive, with the same force and effect as if again set forth at length here.

13. This defendant denies each and every allegation contained in paragraphs of the Complaint marked and numbered "83" through "87", inclusive, insofar as said allegations pertain to this defendant.

**AS TO THE THIRD CAUSE OF ACTION**

14. This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "13", inclusive, with the same force and effect as if again set forth at length here.

15. Denies each and every allegation contained in paragraphs of the Complaint

3

marked and numbered "88" through "92", inclusive, insofar as said allegations pertain to this defendant.

## AS TO THE FOURTH CAUSE OF ACTION

16. This defendant repeats and reallages each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "15", inclusive, with the same force and effect as if again set forth at length here.

17. This defendant denies that he has any knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraphs of the Complaint marked and numbered "93" through "96", inclusive, insofar as said allegations pertain to this defendant.

## AS TO THE FIFTH CAUSE OF ACTION

18. This defendant repeats and realleges each and every allegation contained in paragraphs "1" through "17", inclusive, of this Answer with the same force and effect as if again set forth at length here.

19. Denies that he has any knowledge or information sufficient to form a belief as to the truth thereof of any of the allegations contained in paragraphs of the Complaint marked and numbered "97" through "109", inclusive, insofar as said allegations pertain to this defendant.

## AS TO THE SIXTH CAUSE OF ACTION

20. This defendant repeats and realleges each and every allegation contained in paragraphs of this Answer marked and numbered "1" through "19", inclusive, with the same force and effect as if again set forth at length here.

4

21.     Denies that he has any knowledge or information to form a belief as to the truth thereof of any of the allegations contained in paragraphs of the Complaint marked and numbered "110" through "119", inclusive, , insofar as said allegations pertain to this defendant.

## GENERAL DENIAL

22.     This defendant denies any of the allegations of the Complaint not specifically admitted, denied or controverted herein and denies that the plaintiff is entitled to any of the relief set forth in the Wherefore clause of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

23.     That probable cause existed for the interrogation, arrest, prosecution, trial, imprisonment and retrial of the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

24.     That this defendant is not legally responsible for any tortious or negligent conduct, if any, on the part of the co-defendants herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

25.     Upon information and belief that this action and all claims set forth in the Complaint are barred by the applicable statutes of limitation.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:

26.     That the Complaint does not allege facts sufficient to state a valid claim against this defendant.

5

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE,
### THIS DEFENDANT ALLEGES:

27.     Upon information and belief, that all of the damages, if any, sustained by the plaintiff as alleged and described in the Complaint herein were caused solely and wholly by reason of the tortious and/or negligent conduct of others over whom this defendant had no control and for which this defendant is not legally liable.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE,
### THIS DEFENDANT ALLEGES:

28.     That the plaintiff was indicted on the charges for which he was arrested and detained and was thereafter convicted on such charges in the Rensselaer County Court, which said conviction was affirmed on Appeal by the Appellate Division of the Supreme Court and this established as a matter of law that there was probable cause to arrest, detain, prosecute and imprison him.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
### THIS DEFENDANT ALLEGES:

29.     That he is entitled to qualified immunity as to each and every claim of the plaintiff brought pursuant to the provisions of Title 42 U.S.C. Section 1983.

## FOR A CROSS CLAIM AGAINST THE CO-DEFENDANTS,
## COUNTY OF RENSSELAER AND MICHAEL SIKIRICA,
### THIS DEFENDANT ALLEGES:

30.     Upon information and belief, that the damages, if any, sustained by the plaintiff as alleged and described in the Complaint herein were caused wholly, or in part, by the negligent and/or tortious conduct of the said co-defendants and by reason thereof this defendant is entitled to indemnification/contribution from said co-defendants as to any damages recovered herein by the plaintiff against this defendant.

6

## AS AND FOR A COUNTERCLAIM AGAINST THE PLAINTIFF, THIS DEFENDANT ALLEGES:

31.    Upon information and belief, that this defendant is entitled to recover of the plaintiff his attorneys' fees and expenses incurred in the defense of this action in the event that said defendant is successful in the outcome of the claims brought against him by the plaintiff herein.

**WHEREFORE**, this answering defendant demands judgment dismissing the Complaint of the plaintiff herein or, in the alternative, plaintiff demands judgment for indemnification/contribution over and against the co-defendants Rensselaer County and Michael Sikirica as to any damages recovered herein by the plaintiff against this defendant.

Dated: August 18, 2017.

Donald J. Shanley, Esq.
**Pattison, Sampson, Ginsberg & Griffin, P.C.**
Bar Roll No. 102582
*Attorneys for Defendants,*
*City of Troy, Adam R. Mason and Tim Colaneri*
22 First Street - P. O. Box 208
Troy, New York 12181-0208
(518) 266-1029


TO:    Brett H. Klein, Esq.
       *Attorneys for Plaintiff*
       305 Broadway, Suite 600
       New York, New York 10007

7

## CERTIFICATE OF SERVICE

I, Donald J. Shanley, Esq. as attorney for Defendants, City of Troy, Adam R. Mason and Tim Colaneri hereby certifies that on this the 21st day of August, 2017, caused the answering defendant's Answer on Behalf of Adam R. Mason to be electronically filed with the Clerk of the United States District Court for the Northern District of New York using the CM/ECF system, which sent notification of such filing to the following:

Donald J. Shanley, Esq.
Bar Roll No. 102582
*Attorneys for Defendants,*
*City of Troy, Adam R. Mason and Tim Colaneri*
22 First Street, P.O. Box 208
Troy, New York 12180
Telephone No. (518) 266-1029
Fax:  (518) 274-6034
E-mail:  yantz@psgglaw.com