UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ADRIAN THOMAS,

                                        Plaintiff,

        -against-

CITY OF TROY, ADAM R. MASON, RONALD FOUNTAIN, TIM COLANERI,
RENSSELAER COUNTY and MICHAEL SIKIRICA,

                                        Defendants.

## REPLY MEMORANDUM OF LAW ON BEHALF OF THE DEFENDANTS CITY OF TROY, ADAM R. MASON, RONALD FOUNTAIN AND TIM COLANERI

### Civil Action No.: 1:17-cv-626

### (GTS/DJS)

Submitted by:

Donald J. Shanley, Esq.
**PATTISON, SAMPSON, GINSBERG & GRIFFIN, P.C.**
*Attorneys for Defendants*
*Bar Roll No. 102582*
22 First Street, P.O. Box 208
Troy, New York 12181-0208
(518) 266-1029

TO:    Brett H. Klein, Esq.
       *Attorneys for Plaintiff*
       305 Broadway, Suite 600
       New York, New York 10007

       Bailey, Johnson, DeLeonardis & Peck, P.C.
       *Attorneys for Defendants,*
       *Rensselaer County and Michael Sikirica*
       5 Pine West Plaza, Suite 507
       Washington Avenue Extension
       Albany, New York 12205

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ i, ii

PRELIMINARY STATEMENT ........................................................................................... 1

THE FACTS ......................................................................................................................... 1

CLAIMS OF THE PLAINTIFF ........................................................................................... 4

POINT I
MOVANTS REITERATE THAT THE PLAINTIFF'S CLAIM FOR MALICIOUS
PROSECUTION IS TIME-BARRED ................................................................................. 4

POINT II
THE PLAINTIFF'S RIGHT TO A FAIR TRIAL IS ALSO TIME-BARRED ................... 7

POINT III
PLAINTIFF'S CLAIM OF FAILURE TO INTERVENE ON THE PART OF TPD IS
TIME-BARRED ................................................................................................................... 9

POINT IV
PLAINTIFF'S CONSPIRACY CLAIM OUGHT TO BE DISMISSED ............................. 9

POINT V
THE MUNICIPAL LIABILITY CLAIM SHOULD ALSO FALL .................................... 11

POINT VI
PLAINTIFF'S MUNICIPAL LIABILITY CLAIM IS TIME-BARRED ........................... 13

POINT VII
THE CITY DEFENDANTS RENEW THEIR ARGUMENT THAT PROBABLE
CAUSE EXISTED TO PROSECUTE PLAINTIFF .......................................................... 14

POINT VIII
THE INDIVIDUAL CITY DEFENDANTS RENEW THEIR CONTENTION THAT
THEY ARE ENTITLED TO QUALIFIED IMMUNITY ................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page**

People v. Thomas,
22 NY 3d 629 (2014)...................................................................................................1, 14, 16, 17

People v. Thomas,
93 AD 3d 1019............................................................................................................................2

People v. Thomas,
22 NY 3d 1019............................................................................................................................3

Heck v. Humphrey,
512 U.S. 477 (U.S. 1994) ..............................................................................5, 6, 7, 8, 9, 11

Wallace v. Kato,
549 U.S. 384 (U.S. 2007) ........................................................................................6, 7, 11

Roberites v. Huff,
2012 U.S. Dist. LEXIS 46206; 2012 WL 1113479.................................................................6, 7

Paulk v. Board of Trustees of City of University of New York,
654 F 2d 856, 859 (2d Cir., 1981) ...........................................................................................7

Ricciuti v. NYC Transit Authority,
124 F 3d 123 (2nd Cir., 1997)...................................................................................................8

McDonough v. Smith,
2016 U.S. LEXIS 135380; 2016 WL 17263...............................................................................8

Ciambriello v. County of Nassau,
292 F 3d 307 ...............................................................................................................................9

Monell v. Dept. of Social Services of City of New York,
436 U.S. 658 ..............................................................................................................11, 12, 13

Bell Atlantic Corp. v. Twombley,
550 U.S. 544 (2007).................................................................................................................11

Ashcroft v. Iqbal,
566 U.S. 662 (2009)..................................................................................................................11

Matthews v. City of New York,
889 F Supp 2d 418 .................................................................................................12

Missel v. County of Monroe,
351 F App'x 543, 545 (2nd Cir., 2009) ...................................................................12

Vives v. City of New York,
524 F 3d 346, 350 (2nd Cir., 2008).........................................................................12

Bradley v. City of New York,
08-cv-1106, 2008 U.S. Dist., LEXIS 51532, 2009 WL 1703237 at No. 3
(E.D.N.Y. June 18, 2009.........................................................................................12

Vippolis v. Haverstraw,
768 F 2d 40 (2nd Cir., 1985)...................................................................................13

Oklahoma City v. Tuttle,
471 U.S. 808 (1985).................................................................................................13

Jones v. Town of East Haven,
691 F 3d 72 (2nd Cir., 2012).............................................................................13, 17

Amnesty Am. v. Town of W. Hartford,
361 F 3d 113 (2nd Cir., 2004).................................................................................13

Golino v. New Haven,
950 F 2d 864 (2nd Cir., 1991).................................................................................16

Anilao v. Spota,
774 F Supp. 2d 457 (E.D.N.Y., 2011) ....................................................................16

**Statutes**

42 U.S.C., Section 1983.......................................................1, 4, 5, 6, 7, 8, 11, 13

Rule 12(b)(6) F.R.C.P................................................................................1, 4, 14, 16

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in Reply to the Memorandum of Law of the plaintiff, dated December 4, 2017. In the paragraphs below the above-named defendants will be referred to collectively, as the "City Defendants". As to those claims of the plaintiff directed against the defendant, City of Troy, alone, said defendant will be referred to as "Troy".

At times during this Memorandum the City defendants will refer to the Court of Appeals Decision in People v. Thomas, 22 NY 3d 629 and such citation shall be in the form People v. Thomas, followed by the number of the pages of the Decision referred to. At other times the City Defendants will refer to paragraphs of the Amended Complaint of the plaintiff and this will be cited as plaintiff's Complaint, followed by the number of the paragraphs of same which forms the basis of the statement set forth in the Memorandum.

## THE FACTS

The facts surrounding the basis of this lawsuit brought by plaintiff pursuant to 42 U.S.C. Section 1983 were stated in full in the City defendants prior Memorandum of Law submitted in furtherance of their motion to dismiss pursuant to Rule 12(b)(6) F.R.C. P. now before this Court. The same need not be repeated in this Reply Memorandum of Law.

The movants however, will set forth the salient factual and procedural happenings herein as follows (dates sometimes not set forth):

1. Plaintiff is interrogated by members of the Troy Police Department (TPD) concerning the death of plaintiff's child.

2. Plaintiff confesses to have caused the death of the child by blunt force trauma. The taking of the confession is videotaped.

3.      The confession, including the videotape is delivered by the TPD to the Rensselaer County District Attorney's office for use by said prosecutors as they see fit.

4.      A grand jury sitting in Rensselaer County indicts the plaintiff for the murder of his son based upon the evidence submitted to them by the prosecutors and medical evidence gathered by them.

5.      The case is set down for trial in the County Court of Rensselaer County before the Honorable George Ceresia, Jr.

6.      The attorneys for the plaintiff present a motion to the Court seeking an Order suppressing the plaintiff's confession upon the grounds that the same was obtained by the coercive conduct, including false statements, on the part of the TPD.

7.      Judge Ceresia denies said motion upon the grounds that it was not obtained by illegal interrogation by the TPD and rules that the same may be received in evidence upon the trial of the plaintiff in his Court.

8.      The trial of the plaintiff in the Rensselaer County Court goes forward and on October 23, 2009 the jury before whom the case was tried convicts him of the murder of his son.

9.      The plaintiff carries an Appeal to the Appellate Division of the Supreme Court, Third Judicial Department urging that the said lower Court erred in not suppressing the confession made by him to the TPD and again urges that the confession was coerced by the interrogating officers and was not voluntary in nature and ought to be suppressed and his conviction reversed.  The Appellate Court denies the appeal and affirms plaintiff's conviction. See People v. Thomas, 93 AD 3d 1019.  In so doing the Court held that the TPD had not acted illegally in interrogating the plaintiff and so his confession was properly received in evidence at

2

his trial in the Court below.

10. The plaintiff appeals such decision to the Court of Appeals of the State of New York and that Court reversed the decision of the Appellate Division, suppresses the confession, invalidates the plaintiff's conviction and remands the case to the Rensselaer County Court for retrial. See People v. Thomas, 22 NY 3d 1019. The said Decision of the Court of Appeals is dated February 20, 2014 and the said conviction of the plaintiff was deemed to be invalidated as of that date.

11. The plaintiff is retried upon this charge of murder in the Rensselaer County Court in May, 2014.

12. Upon said retrial the said tainted confession, suppressed by the Court of Appeals, was not made use of by the prosecution and was neither offered nor received in evidence against the plaintiff. No evidence concerning same was offered or heard by the jury.

13. There is no allegation in the plaintiff's Amended Complaint that any member of the TPD gave evidence upon the said retrial of plaintiff in the Rensselaer County Court or participated in anyway in this retrial.

14. On June 12, 2014, the jury sitting upon said retrial acquitted plaintiff on all charges brought against him.

15. On June 12, 2017, the plaintiff commenced this action by the filing of a bare complaint in the office of the Clerk of this Court.

16. Thereafter plaintiff was given permission by this Court to serve an Amended Complaint herein.

17.    On November 13, 2017, the City defendants moved in this Court to dismiss said Amended Complaint pursuant to Section 12(b)(6) F.R.C.P. and said motion now pends before the Court.

## CLAIMS OF THE PLAINTIFF

Plaintiff makes claims against the City defendants for, inter alia, malicious prosecution in violation of his rights under the Fourth Amendment; a denial of his rights to a fair trial in violation of his rights under the Sixth Amendment; failure to intervene to protect the rights of the plaintiff; and conspiracy to violate the constitutional rights of the plaintiff.

Plaintiff also alleges a municipal claim against Troy, alone, to recover damages arising out of the alleged violation of his constitutional right.

As noted above, the City defendants now move to dismiss all such claims.

## POINT I

### MOVANTS REITERATE THAT THE PLAINTIFF'S CLAIM FOR MALICIOUS PROSECUTION IS TIME-BARRED

In Point I of their moving Memorandum of Law, the City defendants contended that the plaintiff's claim for malicious prosecution brought pursuant to Section 1983 is time-barred. Therein said movant pointed out that the statute of limitations governing said claims is three years and plaintiff does not contest this.

Movants contended that under the facts peculiar to this case plaintiff's Section 1983 claim accrued on February 20, 2014 when the Court of Appeals suppressed the plaintiff's confession and invalidated his conviction. The allegations of the plaintiff's claims for malicious prosecution revolve mainly around the conduct of the TPD in using various means to coerce the

4

confession of the plaintiff so that it became involuntary in nature. In fact, if the allegations of the Amended Complaint are parsed it will be seen that perhaps 90% of these allegations pertain solely to this confession. Such allegations would indeed support a claim that such conduct by the TPD violated plaintiffs' rights under the Fifth Amendment.

However, plaintiff determined not to go in this direction. Instead, he contends that when the prosecutors used this confession to obtain an indictment and thereafter a conviction of himself for murder in the Rensselaer County Court, his rights under the Fourth Amendment were violated. But still, the basis for this claim is founded upon the use of this tainted confession. Once the New York Court of Appeals suppressed said confession and invalidated the conviction of the plaintiff, he was then free to commence an action against the City defendants under 42 U.S.C. Section 1983 for malicious prosecution. The confession was suppressed and no longer could be used by the authorities to prosecute the plaintiff. It was as if this confession no longer existed. This issue had finally been decided in favor of the plaintiff for Section 1983 purposes. Agreed that the New York Court of Appeals had ruled that the actions of the TPD exceeded permissible bounds in the interrogation of an accused for Fourth Amendment purposes. But all of this conduct was no longer an issue because the confession obtained thereby was no longer usable against him on his retrial.

So a Section 1983 claim for malicious prosecution could then be brought. The case of Heck v. Humphrey, 512 U.S. 477 (U.S. 1994) had to be faced but the Heck rule could have been avoided by the United States District Court, rather than dismissing the Section 1983 action, holding it in abeyance pending the outcome of the retrial in the Rensselaer County Court. This retrial occurred less than three months after the Decision of the Court of Appeals and the plaintiff

was then acquitted.

What the City defendants are contending is that the Heck rule even if applied, was no obstacle to the bringing of a Section 1983 action after February 20, 2014 because, as pointed out above, the District Court could have held in abeyance by said Court pending the soon to be had retrial of the plaintiff. Movants have previously cited to this Court the case of Wallace v. Kato, 549 U.S. 384 (U.S. 2007) where the United States Supreme Court approved this procedure.

And, movants again urge that the conviction of the plaintiff upon his retrial could not be impugned by any result achieved in the Section 1983 action against the City defendants because any success had in that 1983 action would be based solely upon the coercion of the confession and its use on the first trial which would be entirely inapplicable upon the retrial in the Rensselaer County Court.

Plaintiff has in his opposing Memorandum of Law not dealt with this contention by the movants. Plaintiff merely repeats that pursuant to the governing law of the State of New York a claim for malicious prosecution does not accrue until the final determination of the criminal case. Movants do not deny that this is so. However, in a case brought in a United States District Court, Heck v. Humphrey, cited supra, applies and the question then becomes one of whether the Section 1983 action will impugn the existing or a later conviction in the State Court. Plaintiff believes that the arguments set forth above, i.e., that the 1983 action would not impugn either the existing conviction (which had been invalidated) or a conviction had upon retrial; or if it could possibly impugn such a later conviction, the suit can and ought to be held in abeyance by this Court pending the retrial in the State Criminal Court. Defendants would also refer this Court to the case of Roberites v. Huff, 2012 U.S. Dist. LEXIS 46206; 2012 WL 1113479 which, it is

contended, supports movants position that the plaintiff's claims for malicious prosecution, fabrication of evidence, etc. all accrued on February 20, 2014 when the Court of Appeals suppressed the confession and invalidated the conviction. In the Roberites action the Court dismissed the Section 1983 suit after applying the Heck rule. In so doing the Court quoted the following language from Heck:

> "A claim for damages bearing that relationship to a conviction…that has not been…invalidated is not cognizable under Section 1983". (emphasis added).

However, in the case at bar plaintiff's conviction had been invalidated by the New York Court of Appeals and so the Heck rule would be inapplicable to a Section 1983 suit. The confession could not be used upon the retrial and so, as noted above, no conviction had in the said retrial could be impugned by the results achieved in the Section 1983 case. Looked at in this manner, it would not even be necessary to look to the rule in Wallace v. Kato, cited supra. In either event, the cause of action occurred on February 20, 2014 and so, plaintiff's claim is time-barred.

## POINT II

## THE PLAINTIFF'S RIGHT TO A FAIR TRIAL IS ALSO TIME-BARRED

Movants have argued in this Court that the plaintiff's Sixth Amendment right to a fair trial accrued at the completion of the first trial wherein such right was violated. As argued in movants prior Memorandum of Law, in Federal Courts such accrual is deemed to take place when the plaintiff "knows or has reason to know of the injury that is the basis for his action." Paulk v. Board of Trustees of City of University of New York, 654 F 2d 856, 859 (2nd Cir., 1981). There is no requirement that a favorable termination be had in favor of the plaintiff as a

prerequisite for the bringing of a Sixth Amendment fair trial claim. See Ricciuti v. NYC Transit Authority, 124 F 3d 123 (2nd Cir., 1997).

Plaintiff argues in his opposition Memorandum of Law that under the decision in Heck v. Humphrey, 512 U.S. 477 (U.S. 1994) this denial of a fair trial claim cannot be asserted until a conviction has been invalidated. However, the conviction of the plaintiff had been invalidated by the decision of the Court of Appeals of New York. As to any conviction of the plaintiff had upon his retrial, this would not be impugned by the result achieved in the Section 1983 suit since such a result would be related solely to the first trial. No evidence of the earlier conviction, must less the tainted confession, could possibly be used in the second trial. That issue had been entirely removed from the case by the New York Court of Appeals and even were the Heck rule to be applied to this fair trial claim, the District Court could hold the Section 1983 in abeyance until the completion of the second trial. Here again, plaintiff was free to commence this action for a violation of his Sixth Amendment rights as of the date of February 20, 2014. No such action would be inconsistent with a later conviction in State Court because the Section 1983 denial of fair trial action would only be related to the first trial, no evidence of which could be used in the second trial. Movants also rely upon the case of McDonough v. Smith, 2016 U.S. LEXIS 135380; 2016 WL 17263; and Ricciuti v. NYC Transit Auth., 124 F 3d 123 (2nd Cir., 1997), which stated that a 1983 claim for the deprivation of the right to a fair trial accrues when a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors.

**POINT III**

**PLAINTIFF'S CLAIM OF FAILURE TO INTERVENE ON THE PART
OF THE TPD IS TIME-BARRED**

Also, all of the actions of the TPD complained of by the Plaintiff occurred prior to the happening of plaintiff's first trial. After the Court of Appeals suppressed the confession and invalidated the conviction of plaintiff, the TPD no longer had any opportunity to intervene since they were no longer a part of the prosecution. Thereafter, it was the co-defendant Dr. Michael Sikirica alone who was the main prosecution witness. Plaintiff in his complaint has alleged no facts sufficient to support such a claim against the movants.

The City defendants assert that this claim, even if valid, accrued at the time when the Court of Appeals suppressed the confession and invalidated the plaintiff's conviction. Plaintiff could have asserted this claim at that time, i.e., February 20, 2014. For the reasons heretofore set forth above, it is the belief of the movants that the Heck rule is not applicable to this claim because the plaintiff's conviction became invalidated as of that date. Movants believe that this claim is also time-barred and ought to be dismissed.

**POINT IV**

**PLAINTIFF'S CONSPIRACY CLAIM OUGHT TO BE DISMISSED**

Plaintiff's Fourth Cause of Action asserts a conspiracy claim against the City defendants. Movants urge that such claim ought to be dismissed for the following reasons:

In the first place, in order to state a valid claim for conspiracy, the plaintiff must allege in his complaint: (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damage to the plaintiff. See Ciambriello v. County of Nassau, 292 F 3d 307. In his complaint

9

the plaintiff has failed to allege any facts to show that a <u>private party</u> was one of the conspirators. The parties claimed by plaintiff to be involved in this conspiracy were the defendants Adam R. Mason and Dr. Sikirica. Admittedly, the defendant Mason was a state actor since he was a police officer. The other party to this alleged conspiracy, Dr. Michael Sikirica, was also a state actor and plaintiff identifies him as such in paragraph no. "23" of his amended complaint. He was the medical examiner for Rensselaer County. There is no one alleged by plaintiff to have been a party to this conspiracy who was a private party. Thus, the amended complaint fails to allege one of the necessary elements of a conspiracy claim and so ought to be dismissed.

Further, the complaint alleges no facts whatever to show that the defendants Ronald Fountain and Tim Colaneri were parties to this conspiracy. Agreed, that the amended complaint alleges that these two defendants participated in the interrogation of the plaintiff. However, the said complaint fails to contain any allegation of facts to show that these defendants were part of any conspiracy with Dr. Sikirica. In paragraph "52" of his amended complaint the plaintiff alleges that:

> "Thereafter, on September 25, 2008 the Rensselaer County Medical Examiner, Dr. Michael Sikirica, met with the <u>defendant Mason,</u> and then performed the autopsy of Matthew in the presence of <u>defendant Mason</u> and the Rensselaer County District Attorney..." (emphasis added).

This is the only paragraph of the amended complaint that alleges <u>facts </u>as to any conspiracy complained of by plaintiff and nowhere is there any allegation of facts tending to show that the defendants Fountain and Colaneri were at all involved with Dr. Sikirica. As to these two defendants, the complaint of conspiracy is insufficient on its face.

Further, the City defendants contend that this claim of conspiracy is also time-barred.

Such conspiracy claim accrued as to the City defendants on February 20, 2014 when the New York Court of Appeals suppressed the confession and invalidated the conviction of the plaintiff. From and after that date, with the confession having been suppressed, the City defendants were no longer involved. They were for all intents and purposes out of the case. Plaintiff could then have commenced this conspiracy action against them. As shown above, since his conviction was invalidated the Heck rule was either not impediment or; if it was viewed as an impediment; the Section 1983 action could have been held in abeyance under the Wallace v. Kato rule. In either event, the conspiracy claim is time-barred.

### POINT V

### THE MUNICIPAL LIABILITY CLAIM SHOULD ALSO FALL

The movant City of Troy contends that the municipal liability claim asserted against it by the plaintiff also ought to be dismissed. In the first place, plaintiff has failed in his amended complaint to allege facts sufficient to support such a claim. Plaintiff has attempted to bring himself within the case of Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, but he has failed.

In discussing the pleading requirements necessary to state a claim for municipal liability, the plaintiff's obligation is to provide the grounds of his entitlement to relief. It requires more than labels and conclusions and a formulaic recitation of a cause of action will not do. Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007); and in Ashcroft v. Iqbal, 566 U.S. 662 (2009) the U.S. Supreme Court stated as follows:

> "A Court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual

11

allegations".

And in <u>Matthews v. City of New York,</u> 889 F Supp 2d 418 the Court in determining the liability of a municipality under the <u>Monell</u> requirements, stated that:

> "Mere 'boilerplate' assertions that a municipality has such a custom or policy that resulted in a deprivation of the plaintiff's rights is insufficient to state a <u>Monell</u> claim."

When the allegations of the Fifth Cause of Action set forth in plaintiff's amended complaint are examined, it is seen that no sufficient facts are alleged to support the plaintiff's claim that there was on the part of the City deliberate indifference to the constitutional rights of persons investigated, arrested or prosecuted for "alleged criminal activities." Other than the case now before the Court, the plaintiff cites not one other instance where such rights of persons were violated. Likewise, plaintiff's allegation that there was a failure on the part of the City or its Chief of Police to train, instruct or supervise the officers of the police department is again wholly unsupported by the recitation of specific facts or instances where such a failure led to the deprivation of the constitutional rights of any person investigated, arrested or prosecuted by the Troy Police Department. The same is true as to plaintiff's allegations that there was on the part of the City "customs, policies, usage, practices, procedures and rules of the TPD" which led to the deprivation of constitutional rights. No facts whatever are alleged to support these conclusions. In fact, that as to municipal liability the Fifth Cause of Action of the amended complaint alleges nothing by legal conclusions, boilerplate assertions and formulaic recitations of liability on the part of the City. See <u>Missel v. County of Monroe,</u> 351 F App' x 543, 545 (2nd Cir., 2009); <u>Vives v. City of New York,</u> 524 F 3d 346, 350 (2nd Cir., 2008); <u>Bradley v. City of New York,</u> 08-cv-1106, 2008 U.S. Dist., LEXIS 51532; 2009 WL 1703237 at No. 3 (E.D.N.Y. June 18, 2009).

Also, as pointed out in the case of <u>Vippolis v. Haverstraw</u>, 768 F 2d 40 (2nd Cir., 1985), under Section 1983 a single episode of unconstitutional action taken by a municipal employee is insufficient to support municipal liability under <u>Monell v. New York City Dept., of Social Services,</u> cited supra; and see <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808 (1985). That is the situation in the case at bar. The complaint alleges one single act of allegedly unconstitutional action directed against the plaintiff by the City defendants and this, it is contended, is insufficient to state a Section 1983 claim. See also <u>Jones v. Town of East Haven</u>, 691 F 3d 72 (2nd Cir., 2012); <u>Amnesty Am. v. Town of W. Hartford,</u> 361 F 3d 113 (2nd Cir., 2004).

**POINT VI**

**<u>PLAINTIFF'S MUNICIPAL LIABILITY CLAIM IS TIME-BARRED</u>**

The plaintiff in his opposition Memorandum of Law does not address the issue of when plaintiff's claim of municipal liability against the City of Troy accrued nor does he dispute movants' assertion that it accrued (at the latest) on February 20, 2014. Plaintiff is required to show that he suffered damages due to the alleged policy of the City in engaging in unlawful interrogation practices coercing false confessions and failing to train, instruct and supervise its police officers. Yet, these damages were, if at all, suffered by the plaintiff when he was indicted and prosecuted by means of the tainted confession. However, this ended on the date when the confession was suppressed and his conviction was invalidated by the Court of Appeals of New York. Plaintiff had three years after this date (February 20, 2014) to commence this action and he did not do so. Therefore, this claim of municipal liability is time-barred.

13

## POINT VII

### THE CITY DEFENDANTS RENEW THEIR ARGUMENT THAT PROBABLE CAUSE EXISTED TO PROSECUTE PLAINTIFF

In Point III of the City defendant's prior Memorandum of Law, dated November 13, 2017, they argued that at the first trial of the plaintiff the prosecution presented medical evidence to the jury that the child's death was caused by blunt force trauma. This medical evidence was entirely separate and apart from the tainted confession. The City defendants argued that this evidence demonstrated that, even without the use of the confession, there was probable cause to prosecute the plaintiff for murder.

With the Court's indulgence, movants would now offer additional facts in support of this defense of the existence of probable cause.

In paragraph no. "6" of plaintiff's amended complaint, he made the following allegation:

> "6. The Court of Appeals reversed Thomas's conviction in February, 2014, concluding that his confession was coerced and false, and that it was unconstitutional to introduce it at his trial. See People v. Thomas, 22 NY 3d 629 (2014). (emphasis added).

Thus, plaintiff on the face of his amended complaint made the decision of the Court of Appeals in People v. Thomas, a part and parcel of his said complaint for in the complaint he incorporated by reference thereto, the decision of the Court of Appeals. Therefore, on this Rule 12(b)(6) F.R.C.P. motion this decision is before this Court and ought to be considered. Therein, the Court of Appeals said as follows:

> "The jury also heard testimony from the child's treating doctors from Albany Medical Center, the medical examiner who performed the autopsy on Matthew and an expert on child abuse from Brown Medical School. These witnesses, citing radiologic and post mortem findings of subdural fluid

14

collections, brain swelling and retinal hemorrhaging, as well as defendant's account of what he had done, said that Matthew had died from intracranial injuries caused by abusively inflicted head trauma. Although defendant argued at trial and on appeal that the proof submitted was insufficient to support a verdict finding him guilty of depraved indifference murder ...the theory charged-the argument was correctly rejected." (emphasis added).

Movants submit that the finding by the Court of Appeals was sufficient to show that the medical findings and the medical opinion of the expert witness from the Brown Medical School was sufficient, in and of itself, to establish that there was probable cause for the prosecution of the plaintiff. The fact that he was later acquitted of the murder charge is not evidence that there was not probable cause to prosecute him. Further, it is clear from the face of the complaint (paragraphs "63" and "64") that plaintiff was retried without the use of the confession and that the prosecution's case was allowed by the trial judge to go to the jury hearing the case, which acquitted plaintiff (see Plaintiff's Complaint, paragraph "66"). This shows conclusively that in the eyes of the trial judge who heard all the evidence presented by the prosecutors (less the confession) that there was proximate cause for the prosecution of the plaintiff. In such case, the claim for malicious prosecution must fail. Movants will again point out that all of the points raised above are based upon allegations set forth by the plaintiff on the face of his amended complaint which is before the Court.

## POINT VIII

### THE INDIVIDUAL CITY DEFENDANTS RENEW THEIR CONTENTION THAT THEY ARE ENTITLED TO QUALIFIED IMMUNITY

In their prior Memorandum of Law, the individual City defendants presented arguments supporting their contention that they are entitled to a ruling that they are qualifiedly immune from

the imposition of damages against them in this action. They based their contention upon two main arguments as follows: (1) At the time of the happening of the events described in the amended complaint, the conduct of these police officers involved did not violate clearly established statutory or constitutional rights of which a reasonable person would have known Golino v. New Haven, 950 F 2d 864 (2nd Cir., 1991); and (2) even if there was such clearly settled law reasonable police officers could disagree on whether this conduct was unconstitutional in nature (see Authority cited at p."14" of movant's prior Memorandum of Law).

As to the first point at issue, i.e., whether there was clearly settled law at the time in issue that made the conduct of the movants guilty of having committed a constitutional tort against the plaintiff, movants would add the following: movants agree that it is difficult to establish qualified immunity on a Rule 12(b)(6) F.R.C.P. motion because the evidence supporting a finding of qualified immunity is normally adduced during discovery. Therefore, it is said that the facts supporting such defense must be clear from the face of the complaint. See Anilao v. Spota, 774 F Supp. 2d 457 (E.D.N.Y., 2011). Movants believe they have established in Point VII above that on the face of plaintiff's amended complaint (paragraph "6") plaintiff made the decision of the Court of Appeals in People v. Thomas, 22 NY 3d 629 a part of the complaint by incorporating the same therein by reference. From this case it is clear that in denying plaintiff's motion to suppress his confession made at trial level, the judge hearing the motion did not find that the conduct of the movants violated clearly established either statutory or constitutional rights of the plaintiff. And, on appeal, the Appellate Division of the New York Supreme Court, Third Judicial Dept., also, in affirming the said decision of the Court below, also did not find that the conduct of the moving police officers violated clearly established statutory or constitutional rights of the plaintiff. There

was no clearly settled law to the contrary, movants submit. This Court need only look at the cases and legal authority cited to the Court of Appeals by the defendant and the people in People v. Thomas (set forth in the opinion of the Court) to see that there was much disagreement and uncertainty among the Courts and legal scholars as to whether the facts surrounding the taking of the confession made it involuntary in nature. There was no clearly established statutory or constitutional law in place at the time when this confession was obtained by the movants. Their conduct did not become unconstitutional in nature until the New York Court of Appeals ruled it to be so, movants contend. Under these conditions, it is clear from the facts appearing on the face of the complaint that movants are entitled to be awarded qualified immunity. See Jones v. Town of East Haven, 691 F 3d 72 (2nd Cir., 2012).

Dated: December 19, 2017.

Donald J. Shanley, Esq.
**Pattison, Sampson, Ginsberg & Griffin, P.C.**
Bar Roll No. 102582
*Attorneys for Defendants,*
*City of Troy, Adam R. Mason, Ronald Fountain and*
*Tim Colaneri*
22 First Street - P. O. Box 208
Troy, New York 12181-0208
(518) 266-1029

TO: Brett H. Klein, Esq.
*Attorneys for Plaintiff*
305 Broadway, Suite 600
New York, New York 10007

Bailey, Johnson, DeLeonardis & Peck, P.C.
*Attorneys for Defendants,*
*Rensselaer County and Michael Sikirica*
5 Pine West Plaza, Suite 507
Washington Avenue Extension
Albany, New York 12205