**Brett H. Klein, Esq., PLLC**
305 Broadway, Suite 600
New York, New York 10007
T: (212) 335-0132 F: (212) 335-0571

December 19, 2022

**BY ECF**

The Honorable Daniel J. Stewart
United States Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

  Re: *Adrian Thomas v. City of Troy, et al.,* 17 CV 626 (DJS)

Dear Magistrate Judge Stewart:

  I represent the plaintiff in the above-referenced civil rights action. I respectfully submit this supplemental letter brief pursuant to Your Honor's December 5, 2022, minute order to address why questions of fact preclude summary judgment on qualified immunity grounds with respect to the coercion of plaintiff's confession.

  "Under federal law, a police officer is entitled to qualified immunity where (1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007) (internal quotation marks omitted); *see also*, *Zellner v. Summerlin*, 494 F.3d 344, 367 (2d Cir. 2007). The Second Circuit has unequivocally stated that it has been clearly established since 2001 "that a coerced confession could not constitutionally be used against a defendant in a criminal case." *See Higazy v. Templeton*, 505 F.3d 161, 173 (2d Cir. 2007). Indeed, that "a § 1983 action may exist under the Fifth Amendment self-incrimination clause if coercion was applied to obtain a waiver of the plaintiffs' rights against self-incrimination and/or to obtain inculpatory statements, and the statements thereby obtained were used against the plaintiffs in a criminal proceeding" has been recognized since the 1990s. *See Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998) (citing *Weaver v. Brenner,* 40 F.3d 527, 535 (2d Cir.1994)). Finally, "[a]lthough a conclusion that the defendant official's conduct was objectively reasonable as a matter of law may be appropriate where there is no dispute as to the material historical facts, if there is such a dispute, the factual questions must be resolved by the factfinder." *Scotto v. Almenas*, 143 F.3d 105, 113 (2d Cir. 1998) (quoting *Kerman v. City of New York*, 374 F.3d 93, 109 (2d Cir. 2004).

  Defendants argue that they are entitled to qualified immunity based on an assertion that it was not clearly established that each specific technique used by defendants was coercive, even if the end result was a coerced confession. This frames the issue too narrowly and improperly asks the Court to draw conclusions in defendants' favor that the defendants did not employ these techniques with the express intention of coercing Thomas to adopt a confession that aligned with their narrative. *See Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995) (on a motion for summary judgment the Court must examine the facts in the light most favorable to the non-moving party). Said another way, to accept that defendants are entitled to qualified immunity unless a controlling court had ruled that each specific technique was unconstitutional would require

the Court to first find that defendants' actions in employing these techniques were innocent, rather than intentionally or knowingly engaged in to elicit a false confession. However, it would be impermissible on summary judgment for the Court to accept defendants' claim that defendants did not act knowingly, where, as here, drawing all facts in plaintiff's favor, a jury could find that defendants knew they had coerced Thomas into adopting a narrative which they themselves had invented, and then used the coerced confession to prosecute Thomas. Such a jury finding is aligned with and supported by the Court of Appeals' recognition that "[e]very scenario of trauma induced head injury equal to explaining the infant's symptoms was suggested to defendant by his interrogators" and that there was "not a single inculpatory fact in defendant's confession that was not suggested to him." *People v. Thomas*, 22 N.Y.3d 629, 646 (N.Y. 2014).

Moreover, were a jury to conclude that defendants intentionally fed plaintiff his confession and coerced him into adopting it, defendants would not be entitled to qualified immunity, because no reasonable officer in 2008 could have believed that a manufactured and coerced confession could be constitutionally used against a defendant in a criminal case. *See Higazy*, 505 F.3d at 173. The Second Circuit's finding in *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) is instructive on this point. In particular, in denying qualified immunity, the *Ricciutti* court recognized that:

> Here, a reasonable jury could find, based on the evidence, that defendants [] violated the plaintiffs' clearly established constitutional rights by conspiring to fabricate and forward to prosecutors a known false confession almost certain to influence a jury's verdict. These defendant police officers are not entitled to summary judgment on the ground of qualified immunity. Qualified immunity is unavailable where, as here, the action violates an accused's clearly established constitutional rights, and no reasonably competent police officer could believe otherwise

In sum, regardless of whether the specific techniques defendants employed to coerce Thomas had been previously found coercive, because a jury could conclude under the totality of the circumstances that Thomas was coerced, and that the coercion was knowingly done, defendants are not entitled to qualified immunity. *See Dufort v. City of New York*, 874 F.3d 338, 354 (2d Cir. 2017) (denying qualified immunity where there were material facts in dispute regarding whether defendants had "intentionally withheld or manipulated key evidence during [the plaintiff's] arrest and prosecution" and recognizing that "[s]uch a "knowing" violation of his Fourth and Fifth Amendment rights would, if proven, be enough to overcome the protection of qualified immunity.")

Finally, that the lower courts initially allowed the confession to be placed in evidence neither changes the above analysis nor breaks the chain in causation, given the Second Circuit's recognition that "[i]t is not readily apparent why the chain of causation should be considered broken where the initial wrongdoer can reasonably foresee that his misconduct will contribute to an 'independent' decision that results in a deprivation of liberty." *See Zahrey v. Coffey*, 221 F.3d 342, 352 (2d Cir. 2000). The Second Circuit confirmed this position in *Higazy*, stating that "the chain of causation need not be considered broken if [a defendant] deceived the subsequent decision

2

maker or could 'reasonably foresee that his misconduct [would] contribute to an 'independent' decision that results in a deprivation of liberty." *Higazy*, 505 F.3d at 177 (internal citations omitted). Applied here, if defendants knowingly coerced a confession that they could reasonably foresee would form the basis for the prosecution of plaintiff, that a prosecutor or judge allowed the coerced confession to be used should not insulate them from responsibility for their knowing wrongdoing. *See also*, *McKinley v. City of Mansfield,* 404 F.3d 418, 437-438 (6th Cir. 2005) ("It is hard to see how law enforcement officials could 'ultimately impair' the right against self-incrimination if not by compelling a suspect to make incriminating statements that are later used against him at trial. It is equally hard to see how officials whose conduct ultimately impaired a citizen's Fifth Amendment rights could nonetheless escape civil liability merely because a different state official put the statements into evidence at trial.")).[1]

Thank you for your consideration.

Respectfully,

*Brett Klein*

Brett H. Klein

cc: All Counsel (via ECF)

---

[1] To the extent the holding in *Townes v. City of New York*, may contain language in tension with this, as other courts, and the *Townes* Court itself specifically noted, *Townes* dealt with a narrow issue of a plaintiff who had only asserted a claim for unreasonable search, trying to obtain damages for his conviction and incarceration. *See Townes v. City of New York,* 176 F.3d 138, 146 (2d Cir.1999). Under those circumstances, the court found that defendants' involvement had already ended by the time the of the suppression hearing decision, which was a break in causation, but *Townes* did not address whether causation would be considered broken for a plaintiff asserting a malicious prosecution claim and appeared to leave this question open by specifically stating that Townes had not asserted such a claim. *See id.*; *Smalls v. City of New York*, 181 F. Supp. 3d 178, 186 (E.D.N.Y. 2016).